UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| EDWARD KAVANAUGH SWAIM, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-CV-1202 DDN |
| | ) |
| MISSOURI STATE PUBLIC | ) |
| DEFENDER'S OFFICE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Edward Swaim (registration no. 517743), an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.05. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $5.27. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.05.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual

allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

### The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violation of his civil rights. Plaintiff names as defendants in this action the Missouri Public Defender's Office and individual public defenders Mary Fox and Bradford Coleman.

Plaintiff alleges that he was assigned attorney Bradford Coleman as his trial attorney in his state criminal action, *State v. Swaim*, No. 1722-CR03156-01 (22nd Judicial Circuit, St. Louis City). Plaintiff asserts that defendant Coleman did not prepare for trial and did not "do any discussing of trail with me." Plaintiff asserts that he was only brought to court once in nine months. Plaintiff claims that he complained to defendant Coleman's supervisor, Mary Clark, but he did not receive "help" from her either. Plaintiff asserts that defendants should not be able to work as public defenders and should be disbarred. Plaintiff does not assert specific details, however, as to what defendants should have done differently in his criminal case rather than assisted in his guilty plea.

Plaintiff seeks $150,000 - $270,000 and an attorney to assist him to get his criminal charges overturned. Plaintiff also asks that the "responsible parties" be fired from the Missouri Public Defender's Office.[1]

### Discussion

The Court has reviewed plaintiff's criminal action in *State v. Swaim*, No. 1722-CR03156-01 (22nd Judicial Circuit, St. Louis City), and the record reflects that plaintiff plead guilty to the

---

[1]Plaintiff has been assigned counsel in his post-conviction proceedings. *See Swaim v. Missouri*, No. 1822-CC10637 (22nd Judicial Circuit, St. Louis City).

-3-

Class D felony of Burglary in the 2nd Degree and Misdemeanor Attempted Stealing. Plaintiff was given five years' imprisonment in the Missouri Department of Corrections.

Although plaintiff asserts that he believes his counsel was unprepared for his case, a § 1983 action is not the appropriate venue for seeking to overturn his criminal judgment or for seeking damages for what he believes was a wrongful conviction.

The complaint fails to state a claim upon which relief can be granted because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). As a result, this action is subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.05 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED AS MOOT**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 15th day of October, 2018.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE